**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 24-18215 |
| | ) | |
| JUANITA R. WHITE, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |

### ILLINOIS DEPARTMENT OF REVENUE'S LIMITED RESPONSE TO THE CITY OF CHICAGO'S OBJECTION TO PLAN CONFIRMATION

The Illinois Department of Revenue ("IDOR"), by its attorney, Kwame Raoul, Illinois Attorney General, responds to the City of Chicago's (the "City") objection to plan confirmation (the "Objection") (Do. 18)) as follows:

IDOR is a creditor in this case holding an allowed § 507(a)(8) priority tax claim totaling $2,526.60. (Claim 7-1.) IDOR files this limited response solely to address a secondary argument from the City that, if adopted, would affect the payment of its priority tax claim. IDOR takes no position as to the primary argument from the City that the Debtor's attorneys are not "unsecured creditors" for purposes of § 1325(b).

In section II.B.2. of the Objection, the City advances an argument that the term "unsecured creditors" in § 1325(b) must be read to only include "general unsecured creditors" and not "priority creditors." (Objection at 8-9.) The argument then follows that any claim entitled to priority under § 507(a) is not a "unsecured claim" for the purposes of § 1325(b) and therefore those priority claims cannot be paid from the Debtor's disposable income. (*Id.* at 9.) While the City makes this

1

argument against the payment of attorneys' fees granted administrative priority under § 507(a), the same would apply to the payment of unsecured priority tax claims under § 507(a)(8). The facts in this case require that this argument be rejected.

The error in the City's argument is that it conflates the effect of priority claims on the calculation of disposable income for an above-the-median debtor to this below-the-median Debtor. In calculating disposable income, an above-the-median debtor is required to factor in payments to priority claims, which are deducted as a monthly expense under § 707(b)(2)(A)(iv). This has caused courts to struggle with the § 1325(b) use of the term "unsecured creditors" in cases involving above-the-median debtors with priority creditors, since allowing unsecured priority creditors to be paid from disposable income—the calculation of which has already accounted for the payment of such claims—would lead to an "absurd result" that permits a debtor to "double-count" payments on those priority claims. *In re Johnson*, 408 B.R. 811, 816 (Bankr. W.D. Mo. 2009). Accordingly, those amounts subtracted would be added back when calculating the required plan payment, permitting all disposable income to be paid to claims not already deducted from disposable income.

This issue does not arise in a case concerning a below-the-median debtor, as that debtor's disposable income is calculated based upon the expenses listed on Schedule J, which does not include a deduction for payments to unsecured priority creditors. For a below-the-median debtor, excluding payment of unsecured priority claims from disposable income would leave a debtor with no funds to pay those

claims. *In re Williams*, 394 B.R. 550, 564 (Bankr. D. Colo. 2008). This is an equally absurd result. *See In re Echeman*, 378 B.R. 177, 182, n.7. (Bankr. S.D. Ohio 2007).

Courts have ultimately addressed this dueling absurdity by giving the phrase "unsecured creditors" in § 1325(b) a separate meaning depending on whether the case involves an above- or below-the-median debtor. While the articulation varies slightly from case to case, these courts have essentially held that if the amount to be paid through the plan has been deducted in calculating disposable income, then that claim cannot be paid from disposable income. *See In re Puetz*, 370 B.R. 386, 392 (Bankr. D. Kan. 2007) ("unless specifically and accurately budgeted for by § 707(b)(2)(A), all unsecured creditors, priority and non-priority, are to be paid under § 1325(b)(1)(B)"); *In re Williams*, 394 B.R. at 565 ("Interpreting the phrase to provide for the deduction of all priority claims once, but not twice, gives meaning to this phrase, without making Chapter 13 unworkable for below-median income debtors").

This case involves a below-the-median debtor. Priority claims have not been deducted to arrive at the Debtor's disposable income. Disposable income is available to pay all "unsecured claims," including IDOR's unsecured priority tax claim. Therefore, the City's argument that disposable income can only be used to pay "general unsecured claims" in this case must be rejected.

As a final point, at the January 30, 2024, hearing on confirmation, the City suggested that it has not, nor does it plan to object to the payment of priority tax claims from disposable income in this case. That is of little comfort as the law of

3

case doctrine would attach to the decision on the City's objection and would apply to the confirmation of any subsequent plan filed in this case. *See In re Propst*, 637 B.R. 489, 500 (Bankr. N.D. Ill. 2022). If the City were to prevail on this argument with respect to payment of attorneys' fees, then, even if it chose not to object an amended plan that paid unsecured priority claims from disposable income, the Trustee or any other unsecured creditor certainly could.[1]

Therefore, for the reasons set forth above, the City's argument for denying confirmation of the Plan because of the Debtor's use of disposable income to pay priority claims must be rejected.

                                ILLINOIS DEPARTEMENT OF REVENUE

                                BY:   KWAME RAOUL
                                             Illinois Attorney General

                                BY:   /s/ *Robert O. Lynch*
                                             Robert O. Lynch
                                             Senior Assistant Attorney General
                                             Office of the Illinois Attorney General
                                             Revenue Litigation Bureau
                                             115 South LaSalle Street
                                             Chicago, IL 60603
                                             (312) 814-5195
                                             robert.lynch2@illinois.gov

---

[1] To be clear, IDOR does not suggest that its priority claims are under any threat to go unpaid in this case. The Plan must still provide full payment of its priority tax claims. 11 U.S.C. § 1322(a)(2). The Debtor, however, would be required to fund the plan with payments in excess of their disposable income, which will affect feasibility and hamper the Debtor's ability to repay IDOR's claim.

## **CERTIFICATE OF SERVICE**

     I, Robert O. Lynch, an attorney, hereby certify that on February 27, 2025, I caused a copy of ILLINOIS DEPARTMENT OF REVENUE'S LIMITED RESPONSE TO THE CITY OF CHICAGO'S OBJECTION TO PLAN CONFIRMATION to be served on the parties listed below by electronic service through the court's CM/ECF system.

*/s/ Robert O. Lynch*

**Service Via CM/ECF:**

- **Adam G. Brief**   Ustpregion11.es.ecf@usdoj.gov
- **Andrew B Carroll**   acarroll@semradlaw.com, ilnb.courtview@SLFCourtview.com
- **David Paul Holtkamp**   david.holtkamp2@cityofchicago.org
- **Thomas H. Hooper**   thomas.h.hooper@chicagoch13.com
- **Michael A Miller**   mmiller@semradlaw.com, ilnb.courtview@SLFCourtview.com
- **Mitchell Shanks**   mshanks@semradlaw.com, ilnb.courtview@SLFCourtview.com